**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **25-cr-203 (JMC)** |
| | : | |
| **JONATHAN RAY** | : | |

**DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION AND REQUEST FOR EVIDENTIARY HEARING**

## INTRODUCTION

On August 5, 2026, just five days after the Court denied Mr. Ray's suppression motion, and set a trial date the Government indicted Mr. Ray on two new charges: Unlawful Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 21 U.S.C. § 924(c)(1). The government has no basis for adding these counts more than a year after Mr. Ray's arrest, and only after he declined the government's plea offer and requested a trial. The § 924(c) charge adds five mandatory consecutive years.

By December 2025, the Government had completed its assessment and supervisory review of evidence that already included the November 24, 2025 fentanyl analysis. The proposed § 922(g)(1) plea left intent to distribute for litigation at sentencing. The dispute was whether possession of a single bag of 147 counterfeit pills justified a four-level enhancement for another felony offense (drug trafficking). No new material evidence emerged, and this straightforward case required no further investigation or legal research to make an informed charging decision. Instead, the Government increased the charges immediately after the July 31, 2026, suppression ruling, obtaining the superseding indictment on August 5, 2026. Mr. Ray seeks dismissal of Counts Two and Three with prejudice and an evidentiary hearing.

## ARGUMENT

### I. COUNTS TWO AND THREE ARE PRESUMPTIVELY VINDICTIVE.

Due process prohibits using an otherwise supportable charge to punish a defendant for exercising a protected right. A defendant "certainly may be penalized for violating the law," but "just as certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372 (1982).

Because proof of actual retaliatory motive is "exceedingly difficult to make," a defendant may establish vindictiveness through a presumption based on the circumstances. *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir.), *reinstated*, 824 F.2d 1240 (D.C. Cir. 1987) (en banc). "[A] presumption of vindictiveness will lie in the pretrial setting if the defendant presents facts sufficient to show a realistic likelihood of vindictiveness." *Id.* at 1246. Once the presumption arises, the Government must "come forward with objective evidence justifying the prosecutorial action." *Id.* at 1245.

#### A. The New Charges Establish a Presumption of Vindictiveness.

Increased charges after the exercise of a constitutional right are among the "predicate facts" supporting a pretrial presumption. *Meyer*, 810 F.2d at 1246. That predicate is met here: after suppression litigation, the Government added charges pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 21 U.S.C. § 924(c)(1) to what had been a § 922(g)(1) prosecution.

#### B. Mr. Ray's Litigation of the Suppression Motion Establishes a Protected Right.

There can be no dispute that Mr. Ray exercised a protected constitutional right by litigating suppression and requesting a trial. Charging decisions may not be "designed to penalize a defendant for invoking legally protected rights." *Meyer*, 810 F.2d at 1245. Those rights include litigating a motion to suppress. *United States v. LaDeau*, 734 F.3d 561, 568–69 (6th Cir. 2013).

The Court denied Mr. Ray's motion on July 31, 2026. Five days later, on August 5, 2026, the Government obtained a superseding indictment adding Counts Two and Three, including a five-year mandatory consecutive minimum, nearly tripling his Guidelines sentencing exposure.

**C. The Government's Completed Assessment, and Response to Suppression Together Establish a Realistic Likelihood of Vindictiveness.**

The Government's increased charges and Mr. Ray's protected litigation must be considered together with the circumstances surrounding the charging decision. The controlling inquiry is whether "all of the circumstances, when taken together, support a realistic likelihood of vindictiveness and therefore give rise to a presumption." *Meyer*, 810 F.2d at 1246.

**1. The Government's Completed Assessment, Supervisory Review, and Unchanged Evidence Support an Inference That the Added Charges Punished Mr. Ray's Suppression Litigation**.

A completed prosecutorial assessment supports the inference that later charges punish the exercise of rights. Where the underlying facts and law were straightforward, the D.C. Circuit explained that "the suspicion must grow that the prosecutor increased the charges not because of any further factual investigation or legal analysis, but because the defendants chose to exercise their constitutional right to trial." *Meyer*, 810 F.2d at 1246–47.

The plea documents show that the Government had already assessed the drug evidence and its sentencing significance. DEA accepted the pills on October 21, 2025, and completed and approved its analysis on November 24, 2025. Chemical Analysis Rep. 1, ECF No. 37-2. The December 2025 proposed statement of offense expressly identified fentanyl, and a USAO supervisor signed an offer for a § 922(g)(1) plea. To evaluate whether to accept the government's plea offer, Mr. Ray continued to request PPMS materials related to the arresting officers. The parties reserved for sentencing whether the circumstances established intent to distribute sufficient to support the four-level enhancement for another felony offense (drug trafficking).

The parties discussed a potential disposition from March-May 4, 2026, to determine whether the scheduled May 7, 2026, plea would proceed. The Government had thus evaluated the trafficking allegation, obtained supervisory approval, and proposed to litigate that disputed allegation at sentencing.

The subsequent expert disclosures identify no intervening developments that would explain the added charges. The August 27, 2026 drug notice attached the November 24, 2025 report. The DEA opinions relied on the quantity, packaging, cash, and firearm from the original seizure, and the firearms expert is still drafting his report. Gov't's Cardinal Expert Disclosure 2–4, ECF No. 39-1; Gov't's Dorghoud Expert Disclosure 2, ECF No. 38-1.

The Government escalated a contested sentencing allegation into two new crimes without strengthening its proof. Conviction on the added trafficking count under 21 U.S.C. § 841(a)(1) requires proof of intent to distribute beyond a reasonable doubt. Even after adding that count, the Government acknowledged that its intent evidence was "not without holes," with no narcotics surveillance or distribution paraphernalia such as scales or money counters. Gov't's Notice of Intent to Offer Evidence Under Rules 404(b) & 609, at 18–19, ECF No. 40. Increasing the charges to include a mandatory minimum without stronger proof supports the inference that the added charges served to punish Mr. Ray's constitutional litigation.

The pills' modest value explains why the Government had treated trafficking as a disputed sentencing issue. A bag of counterfeit M30's is not a stock of pharmaceutical oxycodone. The laboratory analysis and the Government's own proposed statement of offense had already identified fentanyl. There was no later discovery that transformed these inexpensive counterfeit pills into a valuable inventory to be distributed.

The government cannot justify the sudden demand for separate trafficking and § 924(c) convictions. This was one plastic bag of pills, with no identified customer, observed sale, or arrangement to sell the pills. The Government's supervisor-approved proposal showed its assessment of that seizure: prosecute § 922(g)(1) and litigate trafficking at sentencing. Increasing the charges on the same facts immediately after the constitutional litigation points to retaliation, not a newly developed understanding of the case.

**2. The Government's Increased Charging Decision Punished Mr. Ray's Suppression Litigation and Supports an Inference of Retaliation.**

The Government imposed new punishment for litigating suppression. Increased mandatory exposure after successful suppression, outside plea negotiations, supported dismissal where "the government already possessed all of the relevant evidence that supported the superseding indictment well before procuring the first indictment." *LaDeau*, 734 F.3d at 568–71. The Government likewise possessed the relevant evidence before Mr. Ray litigated suppression. Its increase on that unchanged record supports the inference that the added punishment penalized his constitutional litigation.

**3. The Government's stake in defeating the Fourth Amendment challenge and its five-day charging increase**

"[T]he government's interest in discouraging unexpected and burdensome assertions of legal rights may rise to a level that supports use of a presumption of vindictiveness." *Meyer*, 810 F.2d at 1247. A substantial suppression challenge, and the pendency of the motion, however, "does not undermine that the prosecution understood what was at stake." *United States v. Zakhari*, 85 F.4th 367, 382–83 (6th Cir. 2023).

Mr. Ray's motion threatened the evidence essential to the prosecution and required the Government to defend its officers' account through a two-day evidentiary hearing. Negotiations

continued until counsel announced on May 4, 2026, that Mr. Ray would litigate suppression; on May 6, 2026, the Government acknowledged that the plea would not proceed. Its victory at the suppression hearing preserved the evidence; it did not erase its stake in discouraging the litigation. The increase followed the constitutional litigation, not simply the breakdown of negotiations.

### D. The Government must rebut the presumption with objective evidence or Counts Two and Three must be dismissed.

Together, these circumstances establish the presumption and require objective justification for the added counts. Without that evidence, "the presumption stands, and the court must find that the prosecutor acted vindictively." *Meyer*, 810 F.2d at 1245. Dismissal of the added charges is the ordinary remedy. *Id.* at 1249. The Court should dismiss Counts Two and Three with prejudice. If the Government supplies adequate objective justification, Mr. Ray must establish pretext and actual vindictiveness. *Id.* at 1245. Part III requests the evidence needed to test that justification and establish pretext.

## III. The presumption warrants focused discovery and an evidentiary hearing to test the Government's justification.

The presumption established in Part II requires the Government to justify the added counts with objective evidence. *Meyer*, 810 F.2d at 1245. Upon a prima facie showing of a realistic likelihood of vindictiveness, the district court must "conduct an evidentiary hearing where the government's explanations can be formally presented and tested." *United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) (quoting *United States v. Andrews*, 633 F.2d 449, 457 (6th Cir. 1980) (en banc)). A district court abuses its discretion by "relying on unsupported assertions without permitting [the defendant] to test them." *Zakhari*, 85 F.4th at 383.

The requested declarations and contemporaneous records will identify who reversed the Government's completed, supervisor-approved assessment, when, and on what information. Cross-examination will allow Mr. Ray to test the government's account against the records to establish whether the stated reasons prompted the added charges or are a pretext for punishing Mr. Ray's suppression litigation.

Mr. Ray requests that the government provide:

1. **A declaration addressing the charging decision.** Require the Government to file, by September 25, 2026, one or more declarations under penalty of perjury, with each declarant identifying the basis of the declarant's knowledge. State when each of Counts Two and Three was first proposed, decided upon, approved, and scheduled for presentation. Identify who initiated, recommended, reviewed, directed, or approved each count, including participating supervisors and investigators. State the reasons for adding each count, the sources of the information relied upon, and when the participants received and considered that information. Identify each fact, item of evidence, or analysis relied upon in adding Counts Two and Three that was unavailable to the Government on December 18, 2025, and when and how it became available. If no such information was relied upon, the declaration must state that none was relied upon. This information will illuminate the decision relative to the suppression litigation and identify the stated reasons to compare with the Government's completed assessment reflected in the December 2025 plea documents.

2. **The contemporaneous decision records.** Produce all existing charging analyses, recommendations for or against adding Counts Two and Three, and approval records concerning a charging decision made on or before August 5, 2026. Include records of earlier consideration of those charges and later-created records memorializing the decision; the

declaration shall identify the date each later-created record was created. Produce communications from December 16, 2025, through August 5, 2026, concerning the decision to add Counts Two and Three or its timing, including instructions about when to seek the counts and communications concerning that decision that refer to plea negotiations or suppression litigation. Produce the evidence or assessments relied upon in adding Counts Two and Three and existing records showing when they were received and considered. Include earlier assessments of the drug and firearm evidence underlying those counts and any earlier record relied upon to establish the charging decision or its grounds. These records will test whether the stated reasons prompted the increase.

3. **The tasking and development of drug and firearm evidence.** Produce existing requests, assignments, communications, responses, and results from June 26, 2025, through August 27, 2026, concerning investigation, testing, or expert opinions about the pills or firearm, including those involving DEA, ATF, MPD, or retained experts. The declaration shall identify when each request was made, by whom, its stated purpose, and when the resulting information was received and considered. These records will test whether additional investigative or expert work prompted the added counts and whether that work preceded or followed the suppression ruling.

4. **The status of the December 18, 2025 proposed plea agreement.** The declaration shall identify every expiration date, deadline, extension, renewal, or withdrawal of the December 18, 2025 proposed plea agreement, and when the Government treated it as available or no longer available. If the Government never treated the agreement as unavailable, the declaration shall state that fact. Produce existing records of the review and approval of that agreement and its proposed statement of offense, including records predating December 18,

2025, and decision records from December 18, 2025, through August 5, 2026. These records will establish the basis for the Government's charging response to Mr. Ray's constitutional litigation.

5. **An evidentiary hearing on the charging decision.** Mr. Ray requests an evidentiary hearing. The hearing shall address the timing and reasons for adding Counts Two and Three, whether the Government's stated justifications prompted that decision, and whether the counts were added to punish Mr. Ray's suppression litigation. The Government shall provide witnesses with personal knowledge of the initiation, recommendation, or approval of the added counts and the actual reasons for the change, subject to cross-examination. The testimony will permit findings on retaliatory purpose and resolve any material conflicts between the Government's account and the contemporaneous records.

By September 25, 2026, the Government shall produce to Defendant all responsive records and information for which no protection is claimed. By the same date, it shall submit to the Court under seal the complete, unredacted version of every responsive record or portion of its declaration withheld on a claim of privilege or other protection, identifying the material withheld and the specific basis for each claim. The Court will determine what further disclosure is required and under what protections. The declaration shall identify any requested category for which no responsive records were located. In camera review can protect sensitive material supporting the Government's justification. *LaDeau*, 734 F.3d at 573 n.4.

Mr. Ray requests that the Court order production of the declarations and records before the hearing so the Court can make factual findings and resolve the motion before trial. Fed. R. Crim. P. 12(d). Mr. Ray proposes the hearing proceed on September 30, 2026, at the pretrial hearing.

## **CONCLUSION**

WHEREFORE, Mr. Ray respectfully moves under Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) to dismiss Counts Two and Three of the superseding indictment with prejudice. Additionally, he requests the aforementioned records and any further relief the Court deems just.

Respectfully submitted,

Brandi J. Harden, D.C. Bar No. 470706
Harden | Law PLLC
400 7th Street NW, Suite 604
Washington, DC 20004
(202) 621-8268
b@hardenlawoffices.com
Counsel for Jonathan Ray

**CERTIFICATE OF SERVICE**

I hereby certify that the above Motion to Dismiss for Vindictive Prosecution has been served by ECF on all parties of record.

Brandi Harden, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **25-cr-203 (JMC)** |
| **JONATHAN RAY** | : | |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss for Vindictive Prosecution any Opposition and Reply, and the record in this case, it is this _______ day of ___________, 2026 hereby

ORDERED that the motion is GRANTED.

______________________________
JIA M. COBB
United States District Judge