**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN RAY,<br><br>Defendant. | Case No. 25-cr-203 (JMC) |

## MEMORANDUM OPINION

Before the Court is Jonathan Ray's motion to dismiss for vindictive prosecution and request for evidentiary hearing. ECF 51. Ray's motion addressed the first superseding indictment, ECF 31, but the second superseding indictment, ECF 56, rests on the same charges, *see* ECF 78, and the Court understands that Ray continues to challenge his prosecution on vindictiveness grounds. The Court therefore addresses the arguments raised in the motion and construes Ray as seeking to dismiss the operative indictment on the same grounds. The Court has reviewed the Parties' filings, ECF 51; ECF 66, and concludes that additional argument would not aid the Court in resolving the motion. For the reasons stated below, Ray's motion to dismiss for vindictive prosecution and request for evidentiary hearing is **DENIED**.[1]

## I. BACKGROUND

The Government initially charged Ray with one count of violating 18 U.S.C. § 922(g)(1), for unlawfully possessing a firearm and ammunition while having previously been convicted of a felony. ECF 9 at 1. Ray rejected the Government's plea offer and sought to suppress the evidence

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

allegedly obtained from him. *See* ECF 27; ECF 66 at 5–6. Shortly after the Court set a trial date and denied Ray's motion to suppress, ECF 66 at 6, the Government obtained a superseding indictment that not only charged Ray with violating 18 U.S.C. § 922(g)(1), but also included two additional counts for possessing with intent to distribute fentanyl (21 U.S.C. § 841) and possessing a firearm in connection with a drug-trafficking offense (18 U.S.C. § 924(c)), ECF 31. The charged fentanyl was allegedly recovered from Ray at the same time as the gun that formed the basis of the initial indictment. *See* ECF 66 at 3; ECF 1-1. The Government later obtained a second superseding indictment charging the same offenses. ECF 56.

**II. ANALYSIS**

The Fifth Amendment "prohibits prosecutors from . . . filing increased charges in order to retaliate against a defendant for exercising a legal right." *United States v. Slatten*, 865 F.3d 767, 798–99 (D.C. Cir. 2017) (per curiam). Absent "objective evidence" of a prosecutor's "actual vindictiveness," a defendant can establish a presumption of vindictiveness "when the facts indicate" it is "a realistic likelihood." *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987). While this is a fact-specific inquiry, additional charges following "routine[] assert[ions]" of pretrial "procedural rights" such as moving for suppression or opting for a trial are unlikely to establish a presumption of vindictiveness standing alone. *Id.* at 1247; *accord United States v. Goodwin*, 457 U.S. 368, 381 (1982). Nor does a change in the charging decision after the breakdown of plea negotiations create an inference of vindictiveness. *See Goodwin*, 457 U.S. at 382–83 ("The mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."). Instead, a defendant must point to some other fact which makes it "more likely than not" that the Government's conduct is "attributable to . . . vindictiveness." *United States v.*

*Meadows*, 867 F.3d 1305, 1311 (D.C. Cir. 2017); *accord Slatten*, 865 F.3d at 799. Until they do so, the Government has no "burden of justification." *Slatten*, 865 F.3d at 801.

Ray does not suggest that there is objective evidence of actual vindictiveness and instead seeks to establish its presumption. ECF 51 at 2. He argues that his indictment on new drug and gun charges days after the denial of his suppression motion stemmed not from the Government's "newly developed understanding of the case," but from its desire to punish him for "litigating suppression and requesting a trial." *Id.* at 2, 5. Indeed, Ray goes as far as to suggest that the "new charges"—alone—"establish a presumption of vindictiveness." ECF 51 at 2. As the Court observed above, however, that is not the law. And there is no requirement that changes in charging decisions must result from newly gathered evidence or a reimagined legal theory to avoid any presumption of vindictiveness. *See Goodwin*, 457 U.S. at 381–82 ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. . . . The initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution."). Other than observing that the Government obtained its superseding indictments after the Court set the date for trial and denied the motion to suppress, Ray identifies no facts making it "more likely than not" that the Government's superseding indictment was retaliatory. *Meadows*, 867 F.3d at 1311.

The Court is not persuaded that the short time between the suppression hearing and the subsequent indictment(s) supplies that additional fact. Ray characterizes the superseding indictment as an unjustifiably "sudden" escalation of "a contested sentencing allegation into two new crimes," ECF 51 at 4–5, and makes much of the fact that the Government obtained a new indictment "just five days" after denial of his suppression motion, *id.* at 1. But the temporal proximity between Ray's unsuccessful motion and the new indictment does not, standing alone,

create an inference of vindictiveness. *See United States v. Allgood*, 610 F. Supp. 3d 239, 249–50 (D.D.C. 2022) (not presuming vindictiveness from "increased charges against the defendants shortly after they asserted their right to a jury trial"). This is especially true when Ray was engaged in plea negotiations that gave him notice that the Government might bring additional drug-related charges should the case proceed. *See* ECF 66 at 4–5, 12; ECF 66-1 at 2; ECF 66-2 at 2; *see also Goodwin*, 457 U.S. at 380 ("For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded."); *Meyer*, 810 F.2d at 1248 (noting "the possibility that in order to satisfy constitutional requirements, the government need only note on the Citation Form that the defendant will expose himself to enhanced charges if he elects to go to trial"). And as the Court explained in its order denying Ray's request for in camera review of grand jury materials, ECF 78, Ray has identified no basis for the Court to conclude that the § 924(c) predicate error in the first superseding indictment reflected "hasty" vindictiveness, ECF 76 at 2, rather than simple oversight.[2] Without more, the Court can only conclude that this case presents another "run-of-the-mill pretrial situation" in which vindictiveness was "unlikely" to arise. *Meyer*, 810 F.2d at 1247; *accord Goodwin*, 457 U.S. at 381. The Court will, therefore, not presume it.

Nor does the Court find that Ray's cited cases are helpful to him. Ray relies on *Meyer*, 810 F.2d 1242, and *United States v. LaDeau*, 734 F.3d 561 (6th Cir. 2013), but they are plainly distinguishable. *See* ECF 66 at 12–16. Unlike this case, *Meyer* concerned "something other than routine invocations of procedural rights on the part of individual defendants." 810 F.2d at 1247.

[2] The Court incorporates by reference its discussion of the circumstances leading the Government to obtain a second superseding indictment to correct what the Court determined to be a non-substantive error in the cross-referenced predicate offense to Count Three. *See* ECF 78.

There, approximately 200 protesters were arrested for demonstrating without a permit. *Id.* at 1243. Though most resolved the matter by paying a $50 fine, the government filed an additional charge against those who demanded a trial. *See id.* at 1243–44. This starkly "disparate treatment" of similar defendants created "suspicion" that the government's "divergent" charging decisions were vindictive. *Id.* at 1246. This case contains no similar facts giving rise to such suspicion nor any allegation that Ray has been treated differently than any other defendant who rejects a plea offer that limits their charging exposure. *See* ECF 66 at 15. And *LaDeau* involved a superseding indictment brought after defendant's successful suppression motion "inflicted a mortal blow" on the government's case. 734 F.3d at 569. The burden this created on the government—forcing it to "restart its prosecution from square one"—supported an inference of "vindictive prosecutorial response." *Id.* at 569–70. By contrast, Ray's suppression motion—which was straightforward, involved a short hearing over the course of two days, and was ultimately denied—was "routine, imposed minimal burden, and did not require the government to rethink its prosecution strategy." ECF 66 at 14; *see also id.* at 6.

Finally, because Ray has not shown a realistic likelihood of vindictiveness, the Government has no "burden of justification." *Slatten*, 865 F.3d at 801. Accordingly, the discovery and hearing requested by Ray is unwarranted. *See* ECF 51 at 6–9.

* * *

For the foregoing reasons, Ray's motion to dismiss for vindictive prosecution and request for evidentiary hearing, ECF 51, is **DENIED**. Ray's motion for hearing on the motion to dismiss for vindictive prosecution, ECF 59, is also **DENIED** as moot.

A separate order will follow this memorandum opinion.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: October 2, 2026